So here you are, Counsel. Good morning again, Your Honor. Seems like I was just here. You were. This one I will argue that the District Court erred as a matter of law. I mean, the District Court in this case applied claim splitting as the basis for dismissing my client's breach of contract action against Vanguard Fiduciary Trust Company, a separately incorporated entity, a regulated bank that was not a party to the first action and who actually entered into a contract with Dr. Salkin. The first action was not pending at the time the court just was not pending at the time this action was filed. Therefore, as a matter of law, as announced by this Court, the Supreme Court... When you say it wasn't pending, what law are you relying on, federal or state law, to say that it wasn't pending? Actually, both. Because at the time we filed this action, a judgment had been entered in the case we were just talking about. But it was still subject to appeal, correct? Yes, and both... So under state law, it wouldn't be a final judgment, correct? No, that's not the rule for finality in California. The rule for finality in California is that a judgment issued by a federal court is final for all purposes, including race judicata, upon entry of the judgment, even if it's appealed. California law, that's the Gamble case and a couple others we cited, follows federal law. The state courts of MTEC? Yes, there's nothing that changes it. I mean, that's the California Supreme Court. Is it only true, though, when it's a federal question case rather than a diversity case that's the earlier case? That's neither of the... none of the cases... Because if you look at Constantini and the cases that it's talking about, they're federal question cases, not diversity cases. Constantini is a federal court case, but we look at the state court case, which was the question that I was asked, and those all deal with diversity issues. They don't deal with federal question cases. But doesn't Constantini indicate that when you have an issue like this, that state law is the one that should apply to the claim-splitting claim as opposed to federal? That's not my recollection of Constantini. Constantini pretty much said you follow the federal law. What do you think it says? My recollection of Constantini... well, my other recollection is Gamble says that Constantini is wrong, but... Which do you agree with? Well, I agree with Gamble, and what Gamble says is, yes, under California law, the California courts recognize that a federal judgment, once entered, is either race judicata, claim preclusion, issue preclusion, whatever. It's final unless and until it's The standard one applies, if it's a diversity case, is not the federal standard for whether or not collateral estoppel applies. It's the state standard. Okay, that gets back to the Constantini issue, because here you have a federal court sitting in diversity. So is it not the state laws about claim-splitting that we should be applying here, not the federal? It's procedural, right? It is procedural, but again, the state procedure is a federal judgment. It's final. But even if that were the case, it doesn't matter, because Vanguard Fiduciary Trust Company wasn't a party to the first action. But why weren't they in privity with the parties in the first action? Because, first of all, because they're a separate entity, and there's no evidence that would It's not just a subsidiary-parent relationship. But aren't they related entities, and they're controlling these accounts, and they're all under operating under similar contracts? I don't understand how they're not in privity. Well, the district court, in the first case, pointed that out, because we argued, as we argued in the second case, that Vanguard Fiduciary Trust Company is subject to California Financial Code 1450. And we raised that in the first case, and we said, well, wait a minute. The parent Vanguard group, their subsidiary over here is subject to this code section, which trumps everything. Trumps the contract. You cannot withhold the money from Dr. Salkin. You can't withhold the money from Mr. Pollack, unless the specifics of the statute have been satisfied, and there's no dispute that they weren't. And this particular entity was subject to that financial code section? Yes, sir. What is the law that says that entities that are in privity can't have different legal obligations? I doubt there is such a case. I think entities in privity can have different legal obligations. So then your argument that only Vanguard group was controlled, or whatever it is, Vanguard Fiduciary Trust Company was controlled by this California code, doesn't tell us that it's not in privity with the other Vanguard entities. Well, privity, in this case, has been stood on its ear. Privity applies the other way. An entity that is, if Vanguard Fiduciary Trust Company is in privity with Vanguard, or the Vanguard group, and there's a judgment against the Vanguard group, then they're bound. It's not the other way around. The Supreme Court in Taylor rejected this idea of virtual representation. Isn't the question basically, at a basic level, whether the same issue was litigated before the same parties, or between the same parties? And so, privity tells us whether it's the same issue. I mean, at just a very basic level. Isn't that what we're asking under state and federal law? It's a similar kind of question? The same issue was not litigated. The district court specifically refused to determine the effect of Financial Code 1450. Sorry, I guess I shouldn't say same issue, but same cause of action. So, talking about claim preclusion, not issue preclusion. Claim preclusion. You have to have the same parties, and again, it doesn't work that way to say, well, okay, you sued the parent, and the subsidiary is in privity with the parents, so you should have sued the subsidiary. That's not what the law is. Let's assume they're jointly and separately liable. Corporations and entities have had subsidiaries for years for the very You're telling us that doesn't do any good. Is that correct? No, I'm saying exactly the opposite. The parent isn't liable for the obligations of the subsidiary, nor is the subsidiary liable for the obligations of the parent. They're separate entities. Okay, so what's your privity argument have to do with, in this case, then? My argument is there is no privity, and even if there was, it doesn't work that way. But your client is the same entity, so why can't these various vanguard entities assert claim preclusion against your client, who is clearly the same entity in both? Had the district court determined that financial code 1450 didn't apply to Vanguard Fiduciary Trust Company, we'd be in a different boat. But it didn't do that. The court said, Vanguard Fiduciary Trust Company isn't a party here. I'm not going to consider the effect of 1450. And we didn't have to sue Vanguard Fiduciary Trust Company in the first action. So you're saying that the contract action should go forward because of 1450, which is not part of the contract? That would be one reason, yes. So what is the cause of action, the privately enforceable cause of action under 1450? What tells us that you can bring a contract action that's not about the contract, instead about 1450? Nothing per se, the way you phrased the question, I think, is the answer. But how we get there is we have a contract. And under California law, there's no dispute. And again, we're on a motion to dismiss here. So the allegations of the complaint have to be accepted as true. We have contract. It's an IRA account. There's a beneficiary designation that designates Julian Pollack as the beneficiary. That cannot be changed by a will. It cannot be changed by a trust. And according to Vanguard's own documents, it can't be changed unless somebody tells Vanguard it's changed before Salkin dies. Upon Salkin's death as a matter of law, the IRA belongs to Julian Pollack. And he has the absolute right, the second that Salkin dies, to say to Vanguard Fiduciary Trust Company, give it to me. Okay, so maybe now you're talking about a contract action. I don't hear anything about 1450. That is a contract action. And then there... So the contract action that didn't have to do with 1450 is the same cause of action that could have been brought in what you called the tort action. I don't understand why that couldn't have been brought earlier and isn't barred by claim preclusion. Well, we could have brought a contract action against Vanguard and Vanguard Marketing, but we didn't have to. Why not? Why doesn't claim preclusion tell you you have to bring all your claims at once? As to those entities, sure, we had to bring those. And I agree. If there were no difference between Vanguard Fiduciary Trust Company and the Vanguard Group, the fact that we sued the Vanguard Group and lost claim preclusion. I agree. I'm not going to argue. But you're saying 1450 somehow changes that, but I really don't understand how. Well, what I'm saying is, that's more the issue of claim, issue preclusion that 1450 goes to. As to claim preclusion, again, the issue is they're separate entities. We didn't have to sue them in the first action. We can sue a joint tort feeser in a separate action. We can sue someone who is separately liable under a contract in a separate action. There was no mandatory joinder in this case. We did not, and there is no evidence. This is a motion to dismiss. There is no evidence beyond the fact that Vanguard Fiduciary Trust Company is a wholly subsidiary of the Vanguard Group. You can't find privity based on that. Even if we agree with you, what is your evidence that they violated the contract? What contract have you pointed to and what provision of it was violated? It's a complaint and a motion to dismiss. So the allegation is that they violated the contract. They breached the contract by failing to deliver the IRA, which was Dr. Salkin's property originally, and upon his death became Mr. Pollack's individual personal property. Where is the contract? We did not attach a copy of it. We simply alleged what the terms of the contract were, and those allegations are taken as true. Usually if you reference a contract in a complaint, it's incorporated by reference, but we don't even have it. So I'm not sure what you're incorporating by reference or how you're going to solve this problem that you don't have a contract. When you say usually, there are many... When a contract is referenced in a complaint, it's incorporated by reference, but then you, I mean... Sometimes it is. It can be, certainly. We have alleged a contract, the terms of which were you would hold the IRA, you would once upon death, it became the property of Mr. Pollack, and upon death, you would deliver the IRA, the proceeds of the IRA to Mr. Pollack. That's the contract we've alleged. If Vanguard wants to say there was something else... Do you have something in writing? I mean, are you pointing to a contract that's in writing? We have a written contract. Have you submitted it? Not in connection with the motion to dismiss, no. But that wasn't a ground for the motion to dismiss.  No, but that wasn't a ground for the motion to dismiss. And if that's a defect in our pleading, then we should have been granted leave to amend, to more specifically allege the terms of the contract. But the district court didn't decide that issue. The court said it's claim splitting. And the district court was just wrong. And I'll reserve my one minute and a half. Excellent. Your Honor, he doesn't want to tell you what the contract is, because it's the custodial account agreement from the other case that he's pretending he doesn't know what it is. And that agreement, he doesn't have a right to the IRA except through the process set forth by Vanguard in the custodial account agreement, which says he doesn't get the money until he's submitted paperwork that is in a form and manner acceptable to Vanguard. So he does not have a contractual right to it. And as we just talked about for half an hour, there was a freeze provision that gave us the right not to turn over the assets. That wasn't argued in connection with this action. I'm sorry, Your Honor? Was that argued with respect to the separate contract action? Well, we did argue that there was no contract, breach of contract, because there isn't. He doesn't allege what it is that there is a breach of contract. Now, the district court. That's not how the district court responded. It's not. Nope. But you can affirm on any grounds. But the district court quite properly dismissed this case on claim splitting. And it's difficult to imagine. But based on a federal claim splitting analysis, right? Not state law. Which I think is the right analysis, Your Honor. Federal is? It should be federal law. Well, what about Constantini? How do you deal with that one? Constantini is talking about the substantive law of claim preclusion. This is a procedure, as Your Honor put, it's a procedural issue of controlling the court's own docket, which under Erie is a federal law question. So I think the question of claim splitting is one of federal law. I thought Erie was exactly the opposite in this setting. What have I missed? My recollection of Erie, Your Honor, is that you apply the substantive law of the state and the procedural law of federal court. And this is a procedural device by which the district court is controlling its own docket. A procedural device? It's a device that's based on principles of res judicata. That's hardly procedural. Well, the courts have defined them as separate and distinct concepts. So claim splitting, and there's a Tenth Circuit case, the name of which escapes me that we cite in our brief, that talks about this. Claim splitting is a procedural device by which the court controls its docket. It is based on principles of res judicata, but it is a separate doctrine. So under either, they lose. If this really is federal claim splitting, which we might have some doubt about that, but say it is federal claim splitting, then wouldn't we be applying federal rules about what's final? And wouldn't that mean that the earlier case was already final, so it wasn't still pending, so it couldn't be claim splitting? Right. First of all, I don't know that the law of finality for res judicata applies the same in claim splitting. The point of claim splitting, it's the same as res judicata, except there need not be finality. Claim splitting is about two pending cases, though. So if it's not, if there isn't still another pending case, how does claim splitting apply instead of estoppel? Well, because this was pending because it was on appeal. What I'm saying is that you don't necessarily need to... But in federal court, we don't consider that to be still pending. Under res judicata law. And what I'm saying is that it's not necessarily the same under claim splitting. And so what case tells us that we look at some other rule about finality for claim splitting? Well, I think the Adams case says that we would apply claim splitting if it is not final, but it doesn't say that we won't apply it if it is final. And also, it doesn't matter, Your Honor, because at the end of the day, if it's not final, it's claim splitting. If it is final, it's res judicata. Because the concepts are the same, the only difference is finality. So, I mean, I don't know what the line is that he's trying to draw here, but there's no breathing room there. It's either claim splitting or res judicata. In terms of the finality, is there any difference whether you apply federal law or state law? Do you reach a different result? You don't reach a different result. The only difference might be whether you apply claim splitting or res judicata. But at the end of the day, this is the same cause of action that we just spent half an hour arguing about. And, I mean, I again would refer... I think this case is controlled by the Adams case from the Ninth Circuit. If anything, the facts here show that the district court was more right to grant, to dismiss the claims for claim splitting. It does not matter that they're not the same defendant if they are in privity. And here, not only were they in privity, but in the first case, plaintiff tried to hold the parent liable for the acts of Vanguard Fiduciary Trust Company, the subsidiary. And the judge said no. And the judge said no. This has been litigated. So his argument is then they're not in privity based on that. Well, I don't know that the judge did say no, Your Honor. I think what the judge said is two-part. He wants to say that she just said, well, 1450 doesn't apply because VFTC isn't here. But before the court said that, she said none of the statutory provisions would override Vanguard's contractual rights here. So she decided that the contract trumps 1450 anyway. And to your point, what does 1450 have to do with the breach of contract claim anyway? So this is the same case that they've already litigated. The district court already decided that the contract permitted Vanguard's actions. And they're just trying to re-litigate that issue here. What case do you point to that establishes that there is always privity between a parent and a subsidiary? I don't know that there are. I don't have a case that says there's always privity between a parent and a subsidiary. But I do have the Adams case in which the court said there was privity not between parent and subsidiary, but between employees, different employees. So I mean, if that is privity, certainly a parent-subsidiary relationship is privity. And I also have the plaintiff's own allegations that all of the defendants were agents and acting on behalf of each other, right? So the plaintiff himself pleads that the subsidiary was an agent of the parent. So I think this is a simple issue. We've already decided this. We just spent half an hour arguing the same case. This is claim splitting, and the court should affirm the district court. Thank you. So, counsel, you have one minute and 26 seconds. This is excellent. First of all, counsel, went way outside the record in this case. Second of all, our argument, which is never addressed by anyone or decided by anyone, is that 1450 trumps any freeze provision. It is the law of California. A bank shall comply with a request by a depositor to turn over the funds unless the thing's enumerated in section 1450. Is Vanguard Fiduciary Trust a California bank? No, it's not. But the financial code applies to all banks, and there's no question that Vanguard could be. Is it a bank in any state, or is it federal? Doing business in California, for sure. Do you have any case that says that 1450 can't be trumped by contract? No. There's, like, two cases that deal with 1450, and it doesn't come up, because... So you're asserting it very confidently, but we actually have no law that tells us that's how California law works. Well, we have a statute that was specifically enacted to protect depositors and ensure confidence in the banking system. So I believe that public policy makes clear that it would trump a provision, because why enact it if the bank could simply say, nah, we're not going to go with that. We're not going to apply with that. That's in our contract. That wouldn't be upheld. But it's an issue that nobody decided yet, that that's possibly an issue to be teed up in the district court in the first instance. It's a state law question, though, right? I think so, yes. Other questions by my colleagues? I think we're done. Well, thank you. Thank you very much. I know that these young students here found the discussion fascinating. And I see they're leaving. Well, that's because you're done. So that's why. Thank you, gentlemen. We appreciate it. The cases just argued are submitted.
judges: M. Smith, Friedland, Amon